IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PATRICIA ELLEN GRIFFITTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-22-301-STE |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and of the issues presented, the Court **REVERSES AND REMANDS** the Commissioner's decision.

### I.   PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's application for benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 15-28). The Appeals Council

denied Plaintiff's request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity between her amended alleged onset date of February 18, 2019, through her date last insured of December 31, 2019. (TR. 17). At step two, the ALJ determined Ms. Griffitts suffered from a severe vision disorder. (TR. 17). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 19).

At step four, the ALJ concluded that Ms. Griffitts retained the residual functional capacity (RFC) to:

> [P]erform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant was to avoid concentrated exposure to hazards, such as unprotected heights and heavy machinery. The claimant could work with objects that were at least one inch square.

(TR. 20).

With this RFC, the ALJ concluded that Plaintiff was capable of performing her past relevant work as an office manager and secretary. (TR. 26). However, alternatively, the ALJ presented the RFC limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 51-52). Given the limitations, the VE identified three jobs from the

Dictionary of Occupational Titles that Plaintiff could perform. (TR. 54-55). The ALJ then adopted the VE's testimony and alternatively concluded, at step five, that that Ms. Griffitts was not disabled based on her ability to perform the identified jobs. (TR. 27-28).

### III.   ISSUES PRESENTED

On appeal, Plaintiff alleges: (1) error in the ALJ's evaluation of a medical opinion and (2) a lack of substantial evidence to support the RFC. (ECF No. 24:7-17).

### IV.   STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence . . . is more than a mere scintilla . . . and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V.     THE ALJ'S CONSIDERATION OF DR. NGUYEN'S OPINION

Ms. Griffitts alleges error in the ALJ's failure to properly evaluate a report from a treating ophthalmologist, Dong Cong Nguyen, M.D. The Court agrees.

### A.     The ALJ's Duty to Evaluate Medical Opinions

Regardless of its source, the ALJ has a duty to evaluate every medical opinion in the record. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). For claims filed after March 27, 2017, such as Ms. Griffitts',[1] 20 C.F.R. § 404.1520c provides that the Commissioner no longer will "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical findings[.]" 20 C.F.R. § 404.1520c(a). Instead, the ALJ need only articulate how persuasive he finds the medical opinion. 20 C.F.R. § 404.1520c(b). Persuasiveness is determined primarily by an opinion's supportability and consistency, and the ALJ must explain how he considered those factors. 20 C.F.R. § 404.1520c(b)(2) & (c)(1)-(2). In addition, the ALJ may, but is not required to, discuss other considerations that may bear on the persuasiveness of a medical opinion, such as the relationship of the source to the claimant, the source's area of specialization, and other factors such as the source's familiarity with the disability program's policies and evidentiary requirements. *See* 20 C.F.R. § 404.1520c(c)(3)-(5). The ALJ's rationale must be "sufficiently specific" to permit meaningful appellate review. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).

Additionally, the ALJ may not selectively review any medical opinion and must provide a proper explanation to support his findings. *See Chapo v. Astrue*, 682 F.3d

---

[1]  *See* TR. 15.

4

1285, 1292 (10th Cir. 2012) ("We have repeatedly held that [a]n ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability."). And if the ALJ rejects an opinion completely, he must give "specific, legitimate reasons" for doing so. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal citations omitted).

### B.     Dr. Nguyen's Opinion

On June 16, 2021, Plaintiff's treating ophthalmologist, Dr. Nguyen, authored a "Medical Assessment Form," outlining Plaintiff's visual abilities and limitations. (TR. 387-388). Dr. Nguyen stated that he had been treating Plaintiff since 2018 and had diagnosed her with primary open-angle glaucoma, bilateral, severe; age-related nuclear cataracts, bilateral; and dry eyes. (TR. 387). As for Ms. Griffitts' "prognosis," Dr. Nguyen stated: "Currently stable but has severe visual field loss affecting fixation on both eyes." (TR. 387). As for particular limitations affecting Plaintiff, Dr. Nguyen stated that Ms. Griffitts:

- Could perform tasks requiring near and far acuity for a maximum of 19% of each day;
- Could never perform tasks involving depth perception or field of vision;
- Would suffer from deficits in attention and concentration more than 20% of the workday; and
- Would require unscheduled breaks at least 1-2 times during the workday, caused by blurry vision and visual fatigue.

(TR. 387-388). Finally, Dr. Nguyen stated that Ms. Griffitts has suffered from these symptoms and limitations since he began treating her in January of 2019.

### C. The ALJ's Evaluation of Dr. Nguyen's Opinion

The ALJ acknowledged Dr. Nguyen's opinion but rejected it, stating:

> The opinion and assessment of Dr. Nguyen has been reviewed closely, but found to be unpersuasive as inconsistent with the contemporaneous treating records prior to the date last insured. For example, he found the claimant unable to work with small objects and regular sized print for a full workday; however, prior to the date last insured, the claimant had best-corrected bilateral visual acuity of 20/30 with stable intraocular pressure; her vision was not yet severe enough to warrant surgical intervention. It does not appear that Dr. Nguyen differentiated the claimant's current visual findings from those at the date last insured. Furthermore, the opinion of Dr. Nguyen is unsupported by the claimant's stated functionality as of the date last insured when she stated on December 19, 2019, that she had noticed it to be a little harder to see at night while driving, but she had no other complaints. Even following the date last insured, the claimant and her partner described in their adult function reports the performance of various tasks requiring visual functionality including meal preparation, childcare, sewing, driving, using email, reading for leisure, and watching television (Exhibits 1E, 5E-8E, and 2F), all of which are not consistent with such extreme limitations found by Dr. Nguyen.

(TR. 25).

Plaintiff argues that the ALJ committed legal error in his evaluation of Dr. Nguyen's opinion. (ECF No. 24:7-15). Specifically, Plaintiff contends that the ALJ's rationales for rejecting the opinion were selective and one-sided, and that the ALJ failed to address the degree to which the evidence supported and was consistent with Dr. Nguyen's opinions and the effect of Plaintiff's limitations on her ability to perform her past work, and other work in the national economy. (ECF No. 24:7-15). The Court agrees.

### D. The ALJ Erred in Evaluating Dr. Nguyen's Opinion

As stated, when evaluating Dr. Nguyen's opinion, the ALJ was required to articulate how persuasive he found the opinion, by explaining how he considered the

6

factors of supportability and consistency. 20 C.F.R. § 404.1520c(b)(2) & (c)(1)-(2). "Supportability" refers to the ALJ examining the medical source's own medical evidence and supporting explanations to determine whether the source's opinion (based on the evidence) is persuasive. 20 C.F.R. § 404.1520c(c)(1). "Consistency" involves comparing the medical source's opinion with other medical evidence and prior administrative finding to see whether the opinions and evidence are consistent.

Arguably, the ALJ discussed the factor of "supportability" when he stated:

> The opinion and assessment of Dr. Nguyen has been reviewed closely, but found to be unpersuasive as inconsistent with the contemporaneous treating records prior to the date last insured. For example, he found the claimant unable to work with small objects and regular sized print for a full workday; however, prior to the date last insured, the claimant had best-corrected bilateral visual acuity of 20/30 with stable intraocular pressure; her vision was not yet severe enough to warrant surgical intervention.

(TR. 25).

And arguably, the ALJ discussed the factor of "consistency," when he stated:

> Furthermore, the opinion of Dr. Nguyen is unsupported by the claimant's stated functionality as of the date last insured when she stated on December 19, 2019, that she had noticed it to be a little harder to see at night while driving, but she had no other complaints. Even following the date last insured, the claimant and her partner described in their adult function reports the performance of various tasks requiring visual functionality including meal preparation, childcare, sewing, driving, using email, reading for leisure, and watching television (Exhibits 1E, 5E-8E, and 2F), all of which are not consistent with such extreme limitations found by Dr. Nguyen.

(TR. 25). The Court finds these explanations insufficient.

### 1. The ALJ's Supportability Analysis

The record contains treatment notes from Dr. Ngyuen from January 21, 2019 through August 31, 2020. *See* TR. 307-334, 347-355, 389-398. During the relevant

7

disability period from February 18, 2019, through her date last insured of December 31, 2019, a record dated May 31, 2019 showed Ms. Griffitts as having a visual acuity, with correction, of 20/30 with "reasonably stable" intraocular pressure. (TR. 324). However, on that same examination, and on five examinations during the relevant period, Dr. Ngyuen also noted that Plaintiff suffered from loss of vision, loss of side vision, blurry vision, dryness, redness, burning, itching, glare and light sensitivity, eye pain and soreness and tired eyes. (TR. 317, 323, 324, 326, 329). In his medical assessment, Dr. Nguyen states that the limitations placed on Ms. Griffitts are based on his physical examinations and objective testing. (TR. 388). But the ALJ's "supportability" assessment appears to be based on an improper selective review of Dr. Ngyuen's records. As a result, the rationale cannot stand. See *Lobato v. Kijakazi*, Civ. No. 21-207 JB/KK, 2022 WL 500395, at *11 (D.N.M. Feb. 18, 2022) (noting that when assessing the supportability and consistency of a medical source's opinions, "all the ALJ's required findings must be supported by substantial evidence, and he must consider all relevant medical evidence in making those findings.") (quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005)); *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004); (noting that the ALJ cannot "pick and choose among medical reports," using only portions of evidence that are favorable to his position and disregarding those that are not.).

### 2. The ALJ's Consistency Analysis.

In addition to an improper "supportability" analysis, the Court finds the ALJ's "consistency" analysis similarly lacking. For example, the ALJ states that on December 19, 2019, Plaintiff "had noticed it to be a little harder to see at night while driving, but

8

she had no other complaints." (TR. 25). But throughout the period of disability, Ms. Griffitts complained of:

- A decrease in night vision;
- Struggling to read books due to blurriness;
- Burning, itching, stinging, and pain in her eyes;
- Eye strain;
- Inability to focus with the right eye;
- Headaches;
- Appearing and disappearing text when reading; and
- Dry eyes;

(TR. 317, 323, 324, 326). Additionally, the ALJ stated that the third-party function reports submitted by Plaintiff and her partner showed her performance of various tasks requiring visual functionality including meal preparation, childcare, sewing, driving, using email, reading for leisure, and watching television. (TR. 25). But noticeably absent from the ALJ's analysis are Plaintiff's and her partner's statements, in those same function reports, that Ms. Griffitts:

- Suffers from daily headaches and an inability to focus;
- Has trouble reading recipes and cooks much less than she used to, preparing simple meals;
- Is "very afraid" to drive and can only drive during the daytime and only to familiar or local places;
- Cannot read signs;
- Can only read a few minutes at a time;
- Cannot finish a book because she gets frustrated by reading;

9

- Feeds her pets, but has to check the water level of the pet bowl with her finger;

- Uses a magnifying glass to apply makeup and read recipes;

- When sewing, she cannot see to thread the needle; and

- Her partner drives when visiting family.

(TR. 197-202, 204-210, 212-219, 222-229). Based on the information gleaned from a thorough review of the function reports, the Court rejects the ALJ's reliance on the same as improperly selective. *See supra*.

### 3. The ALJ's Miscellaneous Rationale

Finally, the ALJ discounts Dr. Nguyen's opinions by stating: "[i]t does not appear that Dr. Nguyen differentiated the claimant's current visual findings from those at the date last insured." (TR. 25). This statement is simply incorrect. Although the medical assessment was dated June 16, 2021, after the disability period had ended, Dr. Nguyen clearly stated that Ms. Griffitts' limitations had begun "[a]t least since [Dr. Nguyen] began seeing her in 1/2019." (TR. 388).

### 4. Summary

The Court finds the ALJ's evaluation of Dr. Nguyen's opinion to be legally insufficient. The rationales provided were based on a selective review of the evidence and improper findings. The legal error warrants remand for reconsideration of Dr. Nguyen's opinion.

## VI. PLAINTIFF'S REMAINING ALLEGATION OF ERROR

In her second allegation of error, Plaintiff alleges a lack of substantial evidence to support the RFC. (ECF No. 24:15). But the Court declines consideration of this issue.

Because the ALJ failed to explain his reasoning according to the applicable legal standards, it is impossible for the reviewing court to determine whether the ALJ's findings on Plaintiff's RFC are supported by substantial evidence. *See Keyes-Zachary*, 695 F.3d 1156, 1166 (10th Cir. 2012).

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **REVERSES AND REMANDS** the Commissioner's decision.

ENTERED on April 27, 2023.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE